# In the United States Court of Federal Claims

No. 24-1367

Filed: February 7, 2025

|  |  |
|---|---|
| CHELSEA BLANKENSHIP, | ) )  ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) |

## ORDER

    Plaintiff Chelsea Blankenship brings this action alleging several claims against "the United States of Ohio" and Ohio state officials stemming from a divorce decree and child custody agreement. ECF No. 1 at 2.[1] Ms. Blankenship also alleges violation of her constitutional rights under the Fifth and Fourteenth Amendments, specifically claiming that the State of Ohio violated the Due Process Clauses, the Takings Clause, and the Equal Protection Clause. ECF No. 1 at 2. Finally, Ms. Blankenship makes claims under the United Nations Charter and the Geneva Convention. ECF No.1 at 2. The Government moves to dismiss for lack of subject matter jurisdiction. ECF No. 6.

    This court's primary grant of jurisdiction appears in the Tucker Act, which provides that:

> [this court] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this court's jurisdiction, Plaintiff must identify a "separate source of substantive law that creates the right to money damages." *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks omitted) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). If Plaintiff

---

[1] The court cites the page numbers in the ECF Header.

fails to establish jurisdiction, this court must dismiss the complaint.  RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658–59 (2014).

Plaintiff bears the burden of establishing this court's jurisdiction by a preponderance of the evidence.  *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018).  When determining whether this court has jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Id*. at 1155 (internal quotation marks omitted) (quoting *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)).  Because Plaintiff appears pro se, the court holds Plaintiff's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  That leniency, however, does not relieve Plaintiff from establishing this court's jurisdiction.  *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

Because the court lacks jurisdiction over this case, it must be dismissed.

First, Ms. Blankenship makes claims against Ohio state officials.  ECF No. 1 at 2.  Specifically, Ms. Blankenship contends that these officials "are involved in perpetuating a dispute against Plaintiff, her husband and their minor daughter C.B. during a divorce proceeding."  ECF No. 1 at 2.  Even assuming all alleged facts in the complaint to be true and construing them in the best light for Plaintiff, this court lacks jurisdiction to hear Plaintiff's claim.  To the extent that these allegations are against the State of Ohio or Ohio state officials, this court lacks jurisdiction to hear those claims.  Again, under the Tucker Act, this court's jurisdiction is limited to cases against the United States.  28 U.S.C. § 1491(a)(1).  This jurisdiction does not extend to any other party, and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, this court does not have jurisdiction over cases against individual federal officials, states, or state officials.  *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Sherwood*, 312 U.S. at 588.  The court must dismiss the complaint insofar as it brings claims against any entity other than the United States.

Second, Ms. Blankenship's allegations of violation of the Constitution fail to establish a money-mandating source of law, which is necessary to establish this court's jurisdiction.  *See Carpenter v. United States*, 118 Fed. Cl. 712, 713 (2014).  Plaintiff asserts constitutional violations by state officials that this court lacks jurisdiction over—a conclusion that would ring true even if the court *had* jurisdiction over state officials.  Ms. Blankenship claims violation of her Due Process and Equal Protection rights under the Fifth and Fourteenth Amendments.  ECF No. 1 at 2.  But neither provision is a money-mandating source of law that would meet this court's jurisdictional requirements, because "except for the taking clause of the [F]ifth [A]mendment, the other [A]mendments do not require the United States to pay money for their alleged violation."  *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam); *see also, e.g.*, *Taylor v. United States*, 844 F. App'x 369, 371 (Fed. Cir. 2021); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not

provide a cause of action under the Tucker Act.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *LeBlanc*, 50 F.3d at 1028 (holding that the Fourteenth Amendment's Due Process and Equal Protection clauses do not confer jurisdiction to this Court "because they do not mandate payment of money by the government") (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)).

Third, Ms. Blankenship's attempted takings claim brought under the Fifth Amendment regarding her divorce decree and parental rights is merely a collateral attack on a state and/or U.S. District Court litigation. For example, Ms. Blankenship claims Ohio state officials ordered "away from Plaintiff her . . . [p]arental [r]ight to custody of her minor daughter" and her "[r]ight to marital home without just cause." ECF No. 1 at 2. But this court has no authority to review state court rulings. *E.g., Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) ("[T]o the extent that the complaint . . . could be read to include a request that this court invalidate or otherwise reverse [a] state court decision . . . the court is powerless to review the decisions of state courts.") (citation omitted). Thus, to the extent that Ms. Blankenship challenges proceedings in other courts, this court lacks jurisdiction and dismisses those claims.

Finally, this court does not have jurisdiction over Ms. Blankenship's claims citing the United Nations Charter and the Geneva Convention. She claims that the Charter created a contract that requires the United States to "uphold international law against 'war crimes.'" ECF No. 1 at 3. But this court lacks jurisdiction to hear claims based on treaty. 28 U.S.C. § 1502.("The United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."). Accordingly, the court must dismiss those claims.

For the foregoing reasons, the court:

1. **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2;

2. **GRANTS** the Government's motion to dismiss, ECF No. 6; and

3. **DIRECTS** the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge